IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

VALERIE L. STAFFORD                                                                          PLAINTIFF

v.                                                                          CAUSE NO: 1:22-CV-121-SA-RP

KEYTRONIC CORP., and
AYRSHIRE ELECTRONICS OF
MISSISSIPPI, LLC.                                                                         DEFENDANTS

ORDER

On August 29, 2022, Valerie Stafford commenced this action against KeyTronic Corporation and Ayrshire Electronics of Mississippi, LLC. In her Complaint [1], Stafford alleges that she was terminated from her job for opposing racial discrimination. She seeks relief under 42 U.S.C. § 1981 and Title VII. Now before the Court is the Defendants' Motion to Dismiss, or alternatively, for More Definite Statement [4]. Having reviewed the parties' filings, as well as the relevant authorities, the Court is prepared to rule.

*Relevant Factual Background*

Stafford is a black female who was previously employed by the Defendants.[1] She is a graduate from the University of North Alabama with an accounting degree. Stafford worked as a buyer for the Defendants for approximately 27 years.

According to her Complaint [1], Stafford contends that Tammy Bonds, a white employee who did not have a college degree or any experience as a buyer, was promoted to senior buyer, a position that requires a college degree, instead of Stafford. On September 1, 2021, Stafford emailed

---

[1] For context, in her Complaint [1], Stafford does not name the specific company where she physically worked. She does, however, allege that "Defendants Key Tronic and Ayrshire were Plaintiff's employer. Defendants are either the same company or are joint employers. Defendant Key Tronic controls all employees of Defendant Ayrshire. Defendants are a single integrated employer." [1] at p. 2.

Lindsey Litsheim, the corporate human resource manager of KeyTronic, seeking clarification and expressing her grievances for not being promoted. The email stated, "I need clarification on job postings. There was a posting for a Mississippi buyer which required a Degree for the buyer position but someone was made a senior buyer without experience or degree." [1], Ex. 5 at p. 1. Mistakenly, Stafford sent a copy of the email to Bonds, who Stafford believes was given the promotion instead of her. Stafford contends that she was far more qualified for the promotion because she had a college degree and "immense buying experience." [1] at p. 4. The following day Bonds emailed Litsheim and Debra Perry (Stafford's senior manager) and informed them that "on snap chat Valerie Stafford said she was going to the EEOC because I was promoted and I have no experience and dumb as a box of rocks." [1], Ex. 6 at p. 1.

On September 27, 2021, Stafford was terminated. Stafford contends that she was terminated for opposing race discrimination for not being promoted to senior buyer over a less-qualified white employee. She additionally argues that she was also terminated for being listed as a witness to a claim of race discrimination filed by another black employee. She further contends that the email Bonds sent to Litsheim and Perry is "[c]onclusive proof that the Defendants knew that [Stafford] was complaining about race discrimination." *Id.*

The Defendants filed a Motion to Dismiss, or alternatively, for More Definite Statement [4], initially urging the Court to dismiss the lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) or require Stafford to file an amended complaint containing a more definite statement under Rule 12(e). In their Reply [18], the Defendants concede that Stafford's Response [17] provided *some* clarity to her purportedly vague allegations, but they nevertheless assert that she should still be required to provide a more definite statement.

*Analysis and Discussion*

Based on the Defendants' Reply [18], they are no longer seeking dismissal under Rule 12(b)(6). However, the Defendants still request that the Court require Stafford to file an amended complaint providing a more definite statement pursuant to Rule 12(e).

Pursuant to Federal Rule of Civil Procedure Rule 12(e), "a party may move for a more definite statement of pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A Rule 12(e) motion may be appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice" to a defendant. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002).

In determining whether to require a plaintiff to provide a more definite statement, courts consider the pleading requirements of Rule 8. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). In *Mitchell*, the Fifth Circuit held that "in such a situation it becomes important that great care must be used in passing on a motion for more definite statement. In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Id.*

In their Motion [4], the Defendants request that the Court require Stafford to file an amended complaint because it is unclear whether Stafford is pursuing a retaliation claim, a race discrimination claim, or whether she intends to proceed under some other theory. After conceding that Stafford's Response [17] has provided some clarify, the Defendants maintain the position that it is still unclear what theories of liability and causes of action are being pursued. Specifically, the Defendants contend that "[p]laintiff alleges retaliation in the Complaint, asserting that she was

discharged 'because she had opposed race discrimination and was a witness to a claim of race discrimination in an EEOC Charge.' In her Memorandum brief, however Plaintiff says she is alleging both retaliation and discrimination." [18] at p. 3 (citing [1] at p. 4).

Conversely, Stafford never uses the word "retaliation" in her Complaint [1]. However, the argument header contained in her Response [17] states that "[s]he suffered an adverse action and *retaliation* for opposition to racially-discriminatory practices, and because of her race, black." [18] at p. 3 (emphasis added). According to Stafford's Response [17], it appears she may be pursuing both a retaliation and race discrimination claim against the Defendants. Moreover, Stafford filed EEOC charges against both of the Defendants. Although not specifically emphasized by the Defendants, the Court notes that when asked to categorize her discrimination on her EEOC Charge forms, Stafford did in fact check the box for "race," but did *not* check the "retaliation" box. Instead, Stafford checked the "other" box and as means of specification she provided the word "opposition." Additionally, in her Response [17], Stafford states, "[c]onsidering both EEOC charges and the Complaint, [I am] alleg[ing] *both race discrimination and opposition*. [17] at p. 4 (emphasis added). From this statement, it appears that Stafford is using the words "retaliation" and "opposition" interchangeably; however, it further underscores the lack of clarity as to what theory of liability Stafford is pursuing.

Stafford has certainly alleged a considerable amount of facts and may have a viable claim for being terminated; however, at this juncture, it is unclear to the Court, as well as the Defendants, under what theory Stafford is suing. Although in her Response [17], Stafford contends that she is alleging a claim for *both* retaliation and race discrimination, this is not entirely clear from her Complaint [1]. The Court therefore finds that Stafford is required to replead her Complaint [1] and clarify the causes of actions in which she is pursuing.

"The Court possesses 'considerable discretion' when evaluating a Rule 12(e) motion." *Barnes v. Carpenter*, 2014 WL 6068943, at *2 (S.D. Miss. Nov. 13, 2014) (quoting *DVI Bus. Credit Corp. v. Crowder*, 193 F.Supp.2d 1002, 1009 (S.D. Tex. 2002)). Utilizing this discretion, the Court finds that Stafford should file an amended complaint specifically articulating the theories of liability and causes of action pursuant to which she seeks relief. In reaching this conclusion, the Court again notes that Stafford's Complaint [1] does not lack factual detail, but a clearer articulation of the theories of liability is necessary.

*Conclusion*

For the reasons set forth above, the Defendant's Motion to Dismiss [4] is DENIED *without prejudice*. The Defendants' request for More Definite Statement is GRANTED. Stafford shall file an amended complaint within fourteen (14) days of today's date. Should Stafford fail to file an amended complaint, the Court will dismiss this case without further notice.

SO ORDERED this, the 21st day of March, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE